### The Lizzie E.

### Sweeny v. The Lizzie E.

*(Circuit Court, E. D. Louisiana. March 15, 1887.)*

1. WHARFAGE—IMPLIED CONTRACT.
   No implied contract to pay wharfage dues results from a vessel's making fast at a place on the banks of the Mississippi river where no prohibition to land exists, and where no facilities whatever are furnished for securing vessel or landing goods.
2. SAME—MUNICIPAL CORPORATION.
   The city of New Orleans cannot by ordinance exact wharfage dues from vessels landing or making fast to the *batture* of the Mississippi river in front of the city, at places where no artificial facilities whatever are furnished.

In Admiralty. Libel for wharfage dues.

Appeal from district court.

*T. M. Gill,* for libelant and appellee.

*Fergus Kernan,* for claimant and appellant.

PARDEE, J. The libelant alleges that he is the lessee of the levee, landings, and wharves in the Sixth and Seventh districts of the city of New Orleans; that the levee and landing dues are fixed for each steam-boat by the ordinances of the said city at one dollar per day; that the steam-boat Lizzie E. made fast in front of and to the levee and landings of which libelant is lessee, on November 3, 1885, and so remained up to December 9th, making 37 days at one dollar per day; that the use of the said levee and landings was and is necessary for the protection and

safety of the said vessel; that no part has been paid, but the whole is due, etc.

The claimant answers, denying that libelant has a valid contract of lease with the city of New Orleans; and, further, "that claimant's vessel was not made fast to any wharf or landing leased or controlled by libelant, but was made fast to a log on the bank in the *batture* owned by a private citizen, and was so made fast by the permission of said owner; that no part of said vessel, at the time of filing the libel herein, rested or touched upon the banks of the river, but was made fast by an anchor in the bed of the river, said anchor being connected with the stern of the vessel, and by another anchor on shore attached to her bow with a chain passing under the log, as alleged above."

The evidence shows that libelant is the recognized assignee of the lessee of the landings of the Sixth and Seventh districts of the city of New Orleans; that by ordinance of the said city (Jewell City Ord. 609) it is provided that where there are neither wharves nor piers, but merely the levee with suitable conveniences for making fast, the charge shall be for steamboats one dollar per day; that the libelant has provided, along the *batture* where the Lizzie E. was located, mooring posts at about every 300 feet, at which steam-boats can make fast when the river is not too high nor too low; that the Lizzie E. was tied up at a point about half way between two of said mooring posts, where there were no conveniences for making fast, and none nearer than 150 feet; that where the Lizzie E. was made fast, nor anywhere near, were there any facilities for landing goods; that from the nature of the *batture*, it being a making *batture*, and therefore shoal, it is not practicable to make any useful wharves; and that there was a bulk-head along the levee, but that was built to protect the levee, and, with the levee, furnished no facilities for landing either boats or goods.

The libelant contends that as the banks and *batture* of the river within the limits of the city of New Orleans are in the exclusive control of the city for the benefit of commerce, and as the city has provided a charge for landing at such places as have suitable conveniences for making fast, although there are neither wharves nor piers, and as the libelant is the lessee of the city, and has mooring posts set along the *batture*, and as the Lizzie E. made fast to the shore of the river near, although not at one of his posts, but might have made fast to one of his posts if her master had desired, therefore the libelant can recover at the rate fixed in the city ordinance.

It may be conceded that where a town is situated on a river like the Mississippi, that such city or town may construct and own wharves and piers and landing places, for the use of which reasonable charges may be enforced. *Packet Co.* v. *St. Louis*, 100 U. S. 423; *Vicksburg* v. *Tobin*, Id. 430; *Packet Co.* v. *Keokuk*, 95 U. S. 80. And a municipality situated on such a river may prohibit the use for landing or mooring purposes of the banks of the river at any other place than where such wharves or landings are constructed. *Packet Co.* v. *Catlettsburg*, 105 U. S. 559.

But the questions presented in this case are: (1) Does an implied contract to pay wharfage dues result from a vessel's making fast at a place on the banks of the Mississippi river where no prohibition to land exists, and where no facilities whatever are furnished for landing vessels or goods? (2) Can the city of New Orleans, by ordinance, exact wharfage dues from vessels landing or making fast to the *batture* of the Mississippi river in front of the city, at places where no artificial facilities whatever are furnished?

"The use of the banks of navigable rivers or streams is public. Accordingly, every one has a right freely to bring his vessels to land there; to make fast the same to the trees which are there planted," etc. Rev. Civil Code La. art. 455. See enabling act providing for admission of Louisiana, (2 St. at Large, 641.)

From this it is clear that no implied contract to pay wharfage dues resulted from the landing or making fast of the Lizzie E. Without an express or implied contract, the maritime lien does not arise in this case. A city ordinance exacting dues as wharfage dues for landing vessels, where no facilities for landing either vessels or goods are furnished, is practically nothing but an ordinance levying a tax or charge for landing, and such tax is probably a tonnage tax, which cannot be laid without the consent of congress. See *Cannon* v. *New Orleans*, 20 Wall. 577; *Packet Co.* v. *Keokuk*, 95 U. S. 89. A charge for wharfage for that which is not a wharf, but merely the natural and unimproved shore of a navigable river, will not be maintained. *Packet Co.* v. *Keokuk*, *supra*; *Shreveport* v. *Coast Line*, 37 La. Ann. 562. Nor will a charge for wharfage in favor of a corporation be maintained and enforced, unless it appears from the evidence that it rests on services rendered by the corporation to vessels or boats by means of wharves or wharfage facilities provided and maintained at the expense of the corporation, and by means of which the loading and unloading of boats or vessels is materially and specially benefited. Id. The Lizzie E. might have used some of the mooring posts planted or owned by libelant, but she was not bound to.

A decree will be entered dismissing the libel, with costs of both courts.

Rehearing refused May 11, 1887.